IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VICTORIA SETHUNYA,<br><br>    Plaintiff,<br><br>    v.<br><br>HONORABLE PRESIDENT THOMAS MONSON; KIRTON & McCONKIE, PC; JOHNSON, RICHARD D JOHNSON, JR; MICHAEL D. JOHNSTON; VON G. KEETCH; BRYANT J. KELLER; RAEBURN G. KENNARD; MICHAEL F. KRIEGER; KARINA F. LANDWARD; R. CHET LOFTIS; JARCO R. MARRIOTT; DANIEL S. MCCONKIE; DAVID M. MCCONKIE, OSCAR W. MCCONKIE, III; LYNN C. MCMURRAY; WILLIAM A MEADERS, JR; THOMAS A MECHAM; ANTONIO A. MEJIA; BARBARA V. MELENDEZ; GREGORY S. MOESINGER; THOMAS L. MONSON; MERRILL F. NELSON; PAUL K. SAVAGE; ERIC C. OLSON; R. WILLIS ORTON; ALISSA R. OWEN; ALLISON POULSEN; ROBERT S. PRINCE, WILLIAM T. RALSTON; MATTHEW K. RICHARDS; SHAWN T. RICHARDS; ERIC B. ROBINSON; C. GABRIEL SANCHEZ; ANTHONY W. SCHOFIELD; M. THOMAS A. SCHOFIELD; PETER C. SCHOFIELD; DAVID J. SHAW; JUSTIN W STARR; ADAM D. STEVENS; KAREN E. TAYLOR; PATRICK J. THURSTON; DAVID B. TINGEY; JARED S. TURNER; JON E. WADDOUPS; DAVID M. WAHLQUIST; THOMAS D. WALK; | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br><br><br><br>Case No. 2:12-CV-454 TS |

|  |  |
|---|---|
| ROBERT D. WALKER; ROBERT R. WALLACE; NICHOLAS D. WELLS; STEVEN L. WHITEHEAD; EVAN R. WITT; MATTHEW D. WRIDE; JOEL D. WRIGHT; ELAINE C. YOUNG; SEAN P. YOUNG; TODD E. ZENGER; EUGENE H. BRAMHALL; MICHAEL CHEN; CRAIG H. CHRISTENSEN; STEPHEN W. GEARY; SCOTT E. ISAACSON; JOHN R. PHILLIPS; LEE WRIGHT; HISAKA YAMAMOTO; INTERMOUNTAIN HEALTH CARE, INC.; UNNAMED CLINICIAN; INTERMOUNTAIN HEALTH CARE, INC.; CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS CORPORATION; CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS HOLLADAY 4TH WARD; BISHOP REESE; FRED JONES; DR. MCDONOUGH, et al.,,<br><br>    Defendants. |  |

This matter is before the Court on Defendants President Thomas Monson; Kirton & McConkie PC, Johnson (sic), Richard D. Johnson, Jr, Michael D. Johnston, Von G. Keetch, Bryant J. Keller, Raeburn G. Kennard, Michael F. Krieger, Karina F. Landward, R. Chet Loftis, Jarco R. Marriott (sic), Daniel S. McConkie, David M. McConkie, Oscar W. McConkie, III, Lynn C. McMurray, William A. Meaders, Jr, Thomas A. Mecham, Antonio A. Mejia, Barbara V. Melendez, Gregory S. Moesinger, Thomas L. Monson, Merrill F. Nelson, Paul K. Savage, Eric C. Olson, R. Willis Orton, Alissa R. Owen, Allison Poulsen, Robert S. Prince, William T. Ralston, Matthew K. Richards, Shawn T. Richards, Eric B. Robinson, C. Gabriel Sanchez, Anthony W. Schofield, M. Thomas A. Schofield, Peter C. Schofield, David J. Shaw, Justin W.

Starr, Adam D. Stevens, Karen E. Taylor, Patrick J. Thurston, David B. Tingey, Jared S. Turner, Jon E. Waddoups, David M. Wahlquist, Thomas D. Walk, Robert D. Walker, Robert R. Wallace, Nicholas D. Wells, Steven L. Whitehead, Evan R. Witt, Matthew D. Wride, Joel D. Wright, Elaine C. Young, Sean P. Young, Todd E. Zenger, Eugene H. Bramhall, Michael Chen, Craig H. Christensen, Stephen W. Geary, Scott E. Isaacson, John R. Phillips, Lee Wright, Hisaka Yamamoto, Church Of Jesus Christ Of Latter-Day Saints Corporation, Church Of Jesus Christ Of Latter-Day Saints Holladay 4th Ward, Bishop Reese, and Fred Jones's (collectively referred to hereinafter as the "Church Defendants") Motion to Dismiss and Ex Parte Motion to Stay Discovery.[1] Defendant Intermountain Health Care, Inc. ("Intermountain") has also filed a Motion to Dismiss and Motion for Joinder in the Church Defendants' Motion to Stay.[2] Also before the Court are Plaintiff Victoria Sethunya's Motion to Amend Complaint, Motion to Produce Documents to Support Answer, and Motion to Compel Discovery.[3]

      For the reasons discussed more fully below, the Court will grant Defendants' Motions to Dismiss, grant in part and deny in part Plaintiff's Motion to Amend, and deny the remaining motions as moot.

---

[1] Docket Nos. 16, 32.

[2] Docket Nos. 19, 35.

[3] Docket Nos. 11, 22, 39.

I.  BACKGROUND

This dispute centers on the alleged unlawful dissemination of Plaintiff's confidential health information.  The following factual allegations are drawn from Plaintiff's Second Amended Complaint.[4]

Plaintiff was a member of the Holladay Fourth Ward of the Church of Jesus Christ of Latter Day Saints ("LDS Church").  In May 2008, Plaintiff received a phone call from Richard Reese, a Bishop in the LDS Church, asking her to meet with him at his office.  When she arrived at Bishop Reese's office, there was a file on his desk.  Bishop Reese indicated that the file was a medical file for Plaintiff's daughter that Bishop Reese had obtained from a Dr. McDonough.

Plaintiff informed Bishop Reese that she was unhappy that he had obtained the medical file without her permission.  Bishop Reese responded that Plaintiff was unhappy because she had health problems that needed to be addressed.  Bishop Reese then suggested that Plaintiff see a counselor at LDS Family Services.  Because Bishop Reese indicated that he would discuss her health information with the counselor, Plaintiff decided to see a different therapist.

Plaintiff went to Intermountain and saw a nurse clinician who prescribed her medication. Plaintiff began taking the medication; however, Plaintiff began experiencing undesirable side effects.  Plaintiff thereafter discontinued use of the medication.

A few weeks later, Plaintiff was asked to leave LDS Church property by a church member, Fred Jones.  Mr. Jones indicated that Plaintiff should have received a letter from church lawyers in the mail informing her of the reasons why she was to leave church property.  A few days later, Plaintiff received a letter certified from Kirton and McConkie PC law on behalf of the

---

[4]*See* Docket No. 12.

LDS Church. The letter provided that Plaintiff needed counseling, that she should be on medication, and that if she were found on church property she would be arrested for her own safety and that of the public.

Based on the preceding factual allegations, Plaintiff brings the following causes of action: (1) violation of civil rights for invasion of privacy under the United States Privacy Act and the Health Insurance Portability and Accountability Act ("HIPAA"), and (2) violation of Plaintiff's First Amendment freedom to exercise religion and freedom of association. Plaintiff alleges that these violations are made actionable under 42 U.S.C. § 1983.

## II.  JURISDICTION

Pursuant to 28 U.S.C. § 1331 "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Jurisdiction is therefore proper in this case where Plaintiff has alleged Constitutional violations actionable under 42 U.S.C. § 1983.

## III.  STANDARD OF REVIEW

In examining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court in *Bell Atlantic Corporation v. Twombly*,[5] stated that a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[6] This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] The Court in *Twombly* also pointed out that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to

---

[5] 550 U.S. 544 (2007).

[6] *Id.* at 547.

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8]

"Plaintiff is proceeding pro se and, as a result, the [C]ourt construes [her] pleadings liberally and holds [her] pleadings to less stringent standards than formal pleadings drafted by lawyers."[9]  However, as a pro se litigant, Plaintiff must still "follow the same rules of procedure that govern other litigants."[10]  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend."[11]  "In determining whether a dismissal is proper, [the Court] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[12]

IV.  DISCUSSION

A.   MOTIONS TO DISMISS

The Church Defendants and Intermountain move to dismiss Plaintiff's Second Amended Complaint on substantially the same grounds.  Defendants assert that Plaintiff's Complaint

---

[8]*Twombly*, 550 U.S. at 555 (internal punctuation omitted) (citations omitted).

[9]*Bryner v. Bryner*, 2009 WL 2920376, at *3 (D. Utah Sept. 11, 2009) (citing *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[10]*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[11]*Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

[12]*Gaines*, 292 F.3d at 1224.

should be dismissed because (1) they are not state actors or governmental agencies subject to liability under § 1983 or the United States Privacy Act and (2) there is no private right of action under HIPAA.

    1.    STATE ACTION

The United States Privacy Act provides that: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains."[13] The Privacy Act "defines 'agency' as including 'any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.'"[14] This language was clearly not intended to encompass private individuals or entities, such as the Defendants in this case.

"Section 1983 applies only to actions performed under color of state law. That requirement does not mean that all defendants must be officers of the state. If a private defendant is 'a willful participant in joint action with the State or its agents,' that is sufficient."[15] Here, Plaintiff has not pleaded facts demonstrating that the Defendants participated in a joint action with governmental actors. Indeed, in her opposition, Plaintiff makes clear that she is bringing no

---

[13] 5 U.S.C. § 552a(g)(1)(D).

[14] *United States v. Miller*, 643 F.2d 713, 715 n.1 (10th Cir. 1981) (quoting 5 U.S.C. § 552(e)).

[15] *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1270 (10th Cir. 1989) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

allegations against state actors.[16]  Because Plaintiff has failed to allege that the Defendants acted under color of state law, her § 1983 claims fail as a matter of law.

Plaintiff's First Amendment cause of action is similarly flawed.  "[O]nly the government can violate First Amendment rights: every First Amendment claim thus requires state action in some sense."[17]  Plaintiff's Second Amended Complaint contains no allegations that her First Amendment rights were violated as a result of state action.

In sum, the Court finds that because Plaintiff has failed to plead any action or involvement of a state actor or agency, Plaintiff has failed to plead facts sufficient to maintain a claim under the United States Privacy Act, § 1983, or the First Amendment.

2.	HIPAA

HIPAA provides federal protection for personal health information.  However, the Tenth Circuit has made clear that "HIPAA does not create a private right of action for alleged disclosures of confidential medical information."[18]  For this reason, Plaintiff's HIPAA claim fails as a matter of law.

---

[16]*See* Docket No. 28, at 2 ("IHC and Kirton & McConkey [sic] seem to prefer to construe The Church of Jesus Christ and other defendants as the Government of Utah even though Plaintiff's Right to Privacy before this court is clearly a tort action for which defendants, not the state are liable for damages.").

[17]*McGuire v. Reilly*, 386 F.3d 45, 60 (1st Cir. 2004); *see also Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1254–55 (10th Cir. 2005) (holding that "to prove a violation of the First Amendment right to free speech, Plaintiffs must either demonstrate that the Church, as the sole owner of the Plaza, is a state actor, or that the Plaza is nevertheless a public forum in spite of its sale to a private owner").

[18]*Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citing *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006)).

B.     MOTION TO AMEND

Prior to the filing of Defendants' Motions to Dismiss, Plaintiff filed her Motion for Leave to Amend Complaint. The following day, Plaintiff filed her Second Amended Complaint. Defendants did not oppose Plaintiff's Motion to Amend; rather, Defendants' Motions to Dismiss address the allegations contained in Plaintiff's Second Amended Complaint. To the extent Plaintiff's Motion for Leave to Amend sought leave for Plaintiff to file her Second Amended Complaint, the Court will grant Plaintiff's Motion.

Additionally, Plaintiff's responses to Defendants' Motions to Dismiss appear to allege tort causes of actions not included in her Second Amended Complaint. To the extent Plaintiff seeks to amend her complaint through these responses to include new, state-law causes of action, the Court will decline to exercise its supplemental jurisdiction to hear such claims.

In determining whether the Court should exercise supplemental jurisdiction to hear Plaintiff's potential state-law claims, the Court notes that it is a court of limited jurisdiction and that this limitation is based on "important values of federalism and separation of powers."[19] The Court requires "both constitutional and statutory authority in order to adjudicate a case."[20]

"Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction,"[21] Congress has provided:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so

---

[19] *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004).

[20] *Id.*

[21] *Id.*

      related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.[22]

While 28 U.S.C. § 1367(a) authorizes supplemental jurisdiction, § 1367(c) grants the Court discretion to "decline to exercise supplemental jurisdiction over a claim" if the claim "raises a novel or complex issue of State law" or "substantially predominates over the claim or claims over which the district court has original jurisdiction" or if the Court "has dismissed all claims over which it has original jurisdiction."[23]

      Here, because the Court has dismissed the two federal claims, as discussed above, it will not exercise supplemental jurisdiction at this early stage and will not allow Plaintiff the opportunity to amend her complaint to include state-law causes of action. Consequently, the Court will deny Plaintiff's Motion to Amend without prejudice to the extent its seeks to add such claims. Plaintiff may seek to bring any state-law causes of action before the state court with appropriate jurisdiction over such claims.

C.    REMAINING MOTIONS

      The parties' remaining motions pertain to Plaintiff's ongoing efforts to obtain discovery from the Defendants to support her claims. In light of the Court's ruling on Defendants' Motions to Dismiss, the parties' remaining motions are moot.

---

[22] 28 U.S.C. § 1367(a).

[23] *Id.* at § 1367(c).

## V.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Church Defendants' Motion to Dismiss (Docket No. 16) is GRANTED.  It is further

ORDERED that Defendant Intermountain's Motion to Dismiss (Docket No. 19) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 11) is GRANTED IN PART AND DENIED IN PART, pursuant to the terms of this Order.  It is further

ORDERED that the Church Defendants' Ex Parte Motion to Stay Discovery (Docket No. 32) is DENIED AS MOOT.  It is further

ORDERED that Defendant Intermountain's Motion for Joinder in the Church Defendants' Motion to Stay (Docket No. 35) is DENIED AS MOOT.  It is further

ORDERED that Plaintiff's Motion to Produce Documents to Support Answer (Docket No. 22) is DENIED AS MOOT.  It is further

ORDERED that Plaintiff's Motion to Compel Discovery (Docket No. 39) is DENIED AS MOOT.  The hearing currently scheduled in this matter for January 24, 2013, at 3:00 pm is hereby STRICKEN.  The Clerk of Court is instructed to close this case forthwith.

DATED   January 4, 2013

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge